UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANSON LEROY CLAY, #179587,

        Petitioner,

                              CASE NO. 2:12-CV-14572
v.                            HONORABLE GEORGE CARAM STEEH

KENNETH ROMANOWSKI,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING THE MOTION TO PRESERVE
ARGUMENTS, DENYING A CERTIFICATE OF APPEALABILITY, AND
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.**     **Introduction**

This is a habeas case under 28 U.S.C. § 2254. Michigan prisoner Ranson Leroy Clay ("Petitioner") was convicted of arson of dwelling house, MICH. COMP. LAWS § 750.72, and two counts of assault with intent to commit murder, MICH. COMP. LAWS § 750.83, following a bench trial in the Wayne County Circuit Court. He was sentenced as a third habitual offender, MICH. COMP. LAWS § 769.11, to 10 to 40 years imprisonment on the arson conviction and concurrent terms of 35 to 60 years imprisonment on the assault convictions in 2005. In his petition, Petitioner raises claims concerning his arrest, his interrogation, and the effectiveness of appellate counsel. Petitioner also attaches a motion to his petition seeking to preserve additional claims concerning the effectiveness of trial counsel, prosecutorial misconduct, the trial court's abuse of discretion, and the admission of a witness's testimony. For the reasons set forth, the Court dismisses without prejudice the petition for a writ of habeas corpus and denies the motion to preserve arguments. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis on* appeal.

**II.     Analysis**

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  To satisfy the exhaustion requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts.  *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*).  The claims must also be presented to the state courts as federal constitutional issues.  *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984).  Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement.  *See Welch v. Burke*, 49 F.Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  The burden is on the petitioner to prove exhaustion.  *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of demonstrating exhaustion of state court remedies.  His habeas pleadings indicate that he has not presented any of his habeas claims or proposed additional claims to the Michigan Court of Appeals and/or the Michigan Supreme Court on direct appeal of his convictions.  In fact, it appears that he only raised an insufficient evidence claim on direct appeal before the Michigan Court of Appeals.  *See People v. Clay*, No. 267862, 2007 WL 677738 (Mich. Ct. App. March 6, 2007).  Moreover, the presentation of any additional claims to the Michigan Supreme Court on discretionary review without first presenting them to the Michigan Court of Appeals would not satisfy the exhaustion requirement.  *See Castille v. Peoples*, 489 U.S. 346, 349

(1989). Petitioner has thus failed to properly exhaust his claims in the state courts before proceeding on federal habeas review.

Petitioner has available remedies in the Michigan courts by which to satisfy the exhaustion requirement. For example, he may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 with the state trial court and then pursue his unexhausted claims in the state appellate courts as necessary. Such remedies should be exhausted to give the state courts the first opportunity to consider and rule upon Petitioner's claims before he seeks federal habeas relief. Consequently, a non-prejudicial dismissal of the habeas petition is appropriate.

The Court further notes that a stay of the proceedings is not warranted. While the Court has discretion to stay a "mixed" habeas petition containing both exhausted and unexhausted claims, *see Rhines v. Weber*, 544 U.S. 269, 276-77 (2005), it cannot stay a petition containing only unexhausted claims. Additionally, the habeas petition already appears to be untimely under the one-year statute of limitations, *see* 28 U.S.C. § 2244(d), because Petitioner waited more than one year (and 90 days) after the conclusion of his direct appeal, *see Jimenez v. Quarterman*, _ U.S. _, 129 S. Ct. 681, 685 (2009); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000); S. Ct. R. 13(1), to institute this action. Thus, a non-prejudicial dismissal at this juncture will not further affect the timeliness of the petition. Given such circumstances, a stay is unwarranted and a non-prejudicial dismissal of the habeas petition is appropriate.

### III.    Conclusion

For the reasons stated, the Court concludes that Petitioner has not properly exhausted available state court remedies as to his habeas claims. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. Given this determination, the

Court also **DENIES** Petitioner's motion to preserve further arguments. The Court makes no determination as to the timeliness or merits of his claims.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed *in forma pauperis* on appeal as any appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED**.

Dated: October 30, 2012

                                                s/George Caram Steeh
                                                GEORGE CARAM STEEH
                                                UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and on
Ranson Clay #179587, Macomb Correctional Facility
34625 26 Mile Road, New Haven, MI 48048, on
October 30, 2012, by electronic and/or ordinary mail.

s/Barbara Radke
Deputy Clerk